OPINION of the Court, by
Judge Owsley.
— In the consideration of this case we shall only inquire whether a new trial should have been awarded in consequence of the court below having erred in the instructions which they cave to the jury on the trial in that court ? It is objected that court erred m instructing the jury that unless they were satisfied from the evidence the defendant had converted the bonds, notes and accounts in the declaration mentioned to his own use, &c. they should find for the defendant.
The correctness of this branch of that court’s instruc- . . . . ... tions turns entirely on the construction which may be given to the declaration ; for it is clear that if the cause of action alleged in the declaration is for the promise of 4he defendant, and his failure to perform that promise, .and not for the conversion of the bonds, &c. no proof of a conversion was necessary on-the part of the plaintiff *482 to maintain his action. And that the action in this case is founded on the promise, and not on the conversion* we apprehend will be abundantly manifest by a slight attention to the declaration. It states the delivery of the bonds, &c. to the defendant, and his promise to collect and pay over the amount thereof or return the same on request, &c. and alleges for breach among other things the failure to return the bonds, &c. although specially requested ; but charges a conversion of the same, ^ow it is evident although the declaration contains a charge of the defendant having converted the bonds, &c. the git oj the action is the promise to collect or return, and the jailure to fulfil that promise ; and that the charge of a conversion is merely surplusage, and need not have been proved on the trial in the court below.
As, therefore, the court instructed the jury they should find against the plaintiff, unless they were satisfied he had established that by proof which according to law he was under no necessity to prove, and the jury did accordingly find against him, that court at his instance should have awarded anew trial.
The judgment must consequently be reversed with costs, the cause remanded to the court below and a new' trial there awarded, and such farther proceedings had as may be necessary to a final trial.